UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| METROPARK USA, INC.<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>METROPARK.NET<br><br>　　　　　　　Defendant. | Civil Action No.: 1:10cv87<br>JCC/TCB |

## VERIFIED COMPLAINT

Plaintiff, METROPARK USA, INC., by its undersigned attorneys, alleges and says as follows:

## NATURE OF THE ACTION

1. This is an *in rem* action being brought against the internet domain name <METROPARK.NET>, pursuant to the Lanham Act 15 U.S.C. § 1051 *et seq.* and the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125 *et seq.*

2. This domain name is being used by a serial cybersquatter to trade off of the goodwill and reputation of Plaintiff's trademark. Despite request, this violative conduct has not ceased.

3. Plaintiff seeks an injunction against such use and a directive ordering the transfer of the <METROPARK.NET> domain name to Plaintiff's exclusive control.

## PARTIES

4. Plaintiff, METROPARK USA, INC. (hereinafter referred to as "Metropark" or "Plaintiff") is a Delaware corporation, having a place of business at 5750 Grace Place, Los Angeles, California 90022, United States of America.

2657417.1

5. Upon information and belief, the domain name <metropark.net> (hereinafter referred to as the "Domain Name") is registered to "Domain Administrator, 2@2220.com, P.O. Box No. 71826, KCPO Central HONK KONG 00000 HK" [*sic*] (hereinafter referred to as "Registrant").

6. As of the current date, the WHOIS database records for the Domain Name reflect a privacy proxy service called Moniker Privacy Services, located at 20 SW 27th Ave., Suite 201, Pompano Beach, FL 33069.

7. The domain name registry for the Domain Name is VeriSign, Inc., located at 21345 Ridgetop Circle - Lakeside II, Dulles, VA 20166.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 1125(d) and 28 U.S.C. §§ 1331 and 1338.

9. This Court has *in rem* jurisdiction over the Domain Name in this action pursuant to 15 U.S.C. § 1125(d)(2)(A), as, upon information and belief, the registrant of the Domain Name is located outside the United States, and *in rem* jurisdiction is proper herein. Plaintiff has notified Registrant that it intends to proceed against the Domain Name under 15 U.S.C. § 1125(d)(2)(A).

10. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 15 U.S.C. §§ 1125(d)(2)(A) and (c), as VeriSign, Inc., the registry of the Domain Name, is located within this judicial district.

## FACTUAL BACKGROUND

*-Plaintiff's Trademark Rights*

11. Plaintiff is in the business of operating retail stores selling a wide variety of goods, including, *inter alia*, men's and women's clothing and accessories. Plaintiff offers goods of others in such stores, as well as goods branded with Plaintiff's trademarks.

2

12. Plaintiff's retail stores are located in prominent shopping malls around the country, accessible by millions of people each year.

13. Plaintiff adopted and has offered its goods and services under the mark METROPARK since at least as early as September of 2004, and it continues to offer such goods and services under the METROPARK trademark (hereinafter referred to as the "Mark").

14. Plaintiff operates an online store selling, *inter alia*, men's and women's clothing and accessories, located at the domain name <metroparkusa.com>.

15. Plaintiff has devoted and continues to devote substantial time, effort and resources to the development and acquisition of goodwill in its Mark. Plaintiff spends millions of dollars annually providing and promoting its goods and services under the Mark, and has done so yearly since its first full year of operations.

16. As a result of Plaintiff's substantial efforts and extensive sales for more than five years of substantially exclusive use in the fields of retail sales and clothing, the Mark has become famous in the minds of consumers and extremely strong, and consumers have come to associate the Mark with Plaintiff, viewing the Mark as designating the source of the goods and services offered by Plaintiff.

17. Plaintiff is the exclusive owner of trademark registrations (the registrations discussed hereunder shall hereinafter be referred to collectively as the "Registrations"), registered with the United States Patent and Trademark Office ("USPTO") for the METROPARK mark, including:

    a. United States Trademark Registration No. 2984190 for the wordmark METROPARK, registered in connection with "Clothing; namely, pants, knit shirts, t-shirts, skirts" in International Class 25. An application to register this mark was filed with the USPTO on January 28, 2004, and a registration was issued for this mark on

3
2657417.1

August 9, 2005. A true and correct copy of a simple print-out of this registration is attached hereto as **Exhibit A**.

b. United States Trademark Registration No. 2984191 for the wordmark METROPARK, registered in connection with "retail apparel store" services in International Class 35. An application to register this mark was filed with the USPTO on January 28, 2004, and a registration was issued for this mark on August 9, 2005. A true and correct copy of a simple print-out of this registration is attached hereto as **Exhibit B**.

*-The <metropark.net> Domain Name and its Registrant*

18. Upon information and belief Registrant registered the Domain Name on October 2, 2004.

19. Subsequent to registration, the Domain Name has been used commercially by Registrant to advertise the sale of men's and women's clothing and accessories. Visitors to the Domain Name are presented with multiple links labeled "Men's Clothing," "Women's Clothing," "Leather Jackets," "Purse," and other categories of goods that are sold by Plaintiff under the Mark. When a website visitor clicks on any such link, they are directed to commercial sources other than Plaintiff where they can find these types of goods.

20. The Domain Name is continuing to be used to market goods and services that are substantially identical to and competitive with the goods and services Plaintiff offers under the Mark, and that are protected under Plaintiff's trademark registrations.

21. On January 11, 2010, Plaintiff sent a letter to the Registrant via courier and via e-mail to "Domain Administrator, 2@2220.com, P.O. Box No. 71826, KCPO Central HONK KONG 00000 HK," [*sic*] which reflects the address formerly available in the WHOIS information records of the Domain Name. An identical letter was sent to the same address in Hong Kong, to

correct the misspelling in Registrant's WHOIS records. A true and correct copy of a print-out of the former WHOIS registration records for the Domain Name is attached hereto as **Exhibit C**.

22. This letter demanded that Registrant cease using the Domain Name in connection with Plaintiff's goods and services, and notified Registrant that if it failed to comply with Plaintiff's demands, that Plaintiff reserved the right to proceed against the Domain Name under the *in rem* provisions of the Lanham Act, 15 U.S.C. § 1125(d).

23. On January 12, 2010, an electronic notification was sent to Plaintiff's counsel indicating that the e-mail was opened by 2@2220.com.

24. Upon information and belief, after the transmission of letter, Registrant altered the Domain Name's WHOIS registration information to reflect a proxy service, Moniker Privacy Services, as the registrant of the Domain Name, with an address at 20 SW 27th Ave., Suite 201, Pompano Beach, FL 33069, with an e-mail address metropark.net@domainservice.com. A true and correct copy of a print-out of the current WHOIS registration records for the Domain Name is attached hereto as **Exhibit D**.

25. Upon information and belief, despite altering the address in the WHOIS records of the Domain Name, the Registrant remains the same as was previously listed, located in Hong Kong.

26. Subsequent to the placement of the privacy proxy service in the WHOIS records, the contents of the Domain Name did not change, and continuing to advertise the sale of men's and women's clothing and accessories in a substantially identical manner that it had prior to the transmission of the letter.

27. On January 21, 2010, Plaintiff sent an additional letter to Registrant care of Moniker Privacy Services at the new address and e-mail address. This letter again demanded that Registrant cease using the Domain Name in connection with Plaintiff's goods and services, and

5

notified Registrant that if it failed to comply with Plaintiff's demands, that Plaintiff reserved the right to proceed against the Domain Name under the *in rem* provisions of the Lanham Act, 15 U.S.C. § 1125(d).

28. As of this date, no response has been received from the Domain Name.

29. Upon information and belief, the Registrant has been involved in numerous past actions in which the Registrant was accused of engaging in a pattern of bad-faith registration and use of domain names.

30. Upon information and belief, the Registrant has lost numerous proceedings in which it was accused of engaging in a pattern of bad-faith registration and use of domain names. Such actions have stated that the Registrant is a serial offender.

31. Upon information and belief, the Registrant is the current registrant of multiple domain names that mimic famous trademarks of third-parties, such as <bankofamericaa.com>, <dicksportinggood.com>, <abcnewschicago.com> and <officedepotcom.com>. True and correct copies of print-outs of the WHOIS registration records for these domain names are attached hereto as **Exhibit E**.

### COUNT I
### Federal Cybersquatting
### Lanham Act § 43, 15 U.S.C. § 1125

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 though 31 as if fully set forth herein at length.

33. The Domain Name is confusingly similar to the Mark, consisting entirely of the registered METROPARK mark.

34. The Domain Name was registered after Plaintiff obtained trademark rights in its inherently distinctive METROPARK mark.

35. Upon information and belief, the Registrant does not own and has never owned any intellectual property rights in the METROPARK trademark.

36. Upon information and belief, the Domain Name is not made up of the legal name of the Registrant.

37. Upon information and belief, the Domain Name commercially uses the Mark in connection with the sale, offering for sale, distribution, or advertising of goods and/or services.

38. Upon information and belief, Registrant has used and continues to use the Domain Name with the bad faith intent to profit off of Plaintiff's Mark by confusing internet users as to the source, sponsorship, affiliation or approval of the Domain Name by Plaintiff.

39. The Domain Name's registration contains material and misleading false contact information.

40. Upon information and belief, the Registrant of the Domain Name has engaged in a pattern of bad faith registration and use of domain names.

41. Upon information and belief, the Registrant has registered or acquired multiple domain names which it knows to be identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names.

42. Registrant's unlawful actions are causing, and unless restrained and enjoined, will continue to cause, irreparable injury to Plaintiff and the Mark. Plaintiff has no adequate remedy at law.

43. Registrant's unlawful actions are having and will continue to have an adverse effect on United States commerce.

44. The aforementioned actions constitute Cybersquatting, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(d).

26574I7.1

## COUNT II
## Federal Trademark Infringement
## Lanham Act § 32, 15 U.S.C. § 1114

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 though 44 as if fully set forth herein at length.

46. Plaintiff is the owner of the Registrations, and has not granted Registrant any right to use the Mark.

47. The Domain Name uses the Mark in connection with the sale, offering for sale, distribution, or advertising of goods and/or services.

48. The root of the Domain Name's URL is identical to the Mark.

49. The Domain Name and Plaintiff use similar facilities to advertise and offer their respective services, as both use internet websites.

50. Registrant's use of the Mark through the Domain Name is confusingly similar to the registered Mark in that they are identical, and are used on services that overlap with or are similar to those offered by Plaintiff, in a manner that is likely to cause confusion, mistake or to deceive consumers into believing that Registrant's services are in fact Plaintiff's, is likely to create the appearance that there is a relationship or association between the Parties and/or is likely to imply that Plaintiff sponsors, endorses or approves of Registrant and the Domain Name.

51. Upon information and belief, Registrant's use of the Mark, embodied in the Domain Name, has diverted internet users to the Domain Name, which advertises its competitive and overlapping services under the Mark, causing actual confusion.

52. Upon information and belief, Registrant has engaged in the foregoing conduct intentionally and willfully.

53. Registrant has left Plaintiff with no adequate remedy at law, and its wrongful and/or willful acts have caused, and will continue to cause, irreparable harm to Plaintiff unless permanently enjoined.

54. Upon information and belief, Registrant is profiting and will continue to profit from its unlawful actions.

55. Registrant's unlawful actions are causing and will continue to cause Plaintiff monetary damage in amounts presently unknown but to be determined at trial.

56. Registrant's unlawful actions are having and will continue to have an adverse effect on United States commerce.

57. Registrant's unlawful actions have diminished the value of the Registrations.

58. Registrant is liable for Trademark Infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III
### Federal False Designation of Origin
### Lanham Act § 43, 15 U.S.C. § 1125

59. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs 1 though 58 as if fully set forth herein at length.

60. Plaintiff is the owner of common law rights in the Mark.

61. The Mark is inherently distinctive for the goods and services offered thereunder by Plaintiff.

62. Registrant's use in commerce of the Mark in connection with the offering of its services has caused and/or is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Registrant with Plaintiff, or as to the origin, sponsorship, or approval of Registrant's services or commercial activities by Plaintiff.

63. Upon information and belief, Registrant has engaged in the foregoing conduct intentionally and willfully.

64. Registrant has left Plaintiff with no adequate remedy at law, and its wrongful and/or willful acts have caused, and will continue to cause, irreparable harm to Plaintiff unless permanently enjoined.

65. Registrant is profiting and will continue to profit from its unlawful actions.

66. Registrant's unlawful actions are causing and will continue to cause Plaintiff monetary damage in amounts presently unknown but to be determined at trial.

67. Registrant's unlawful actions are having and will continue to have an adverse effect on United States commerce.

68. Registrant is liable for False Designation of Origin, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be issued:

A. In favor of Plaintiff and against the Domain Name on all of Plaintiff's claims;

B. Ordering VeriSign to change the registrar of the Domain Name to a registrar of Plaintiff's choosing to thereafter be registered in Plaintiff's name, pursuant to 15 U.S.C. § 1125(d)(1)(C); and,

C. Granting such other and further relief as the Court may deem just and proper.

## VERIFICATION

I, Efthimios P. Sotos, declare as follows:

1. I am the Chief Operating and Financial Officer of Metropark USA, Inc., having served in that capacity since February of 2008.

10

2657417.1

2. Based on my review of Metropark USA, Inc.'s records and my participation, I have personal knowledge of the facts and activities set forth in the foregoing Complaint and if called on to testify as to these matters would do so competently.

3. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Jan. 28, 2010

*[signature]*
Efthimios P. Sotos
Chief Operating and Financial Officer
Metropark USA, Inc.


Dated: McLean, Virginia
Jan 28, 2010

By: *[signature]*
Walter L. Williams (VSB No. 39037)
Amna Arshad (VSB No. 74637)
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
8444 Westpark Drive
Suite 510
McLean, VA 22102-5102
P: 703.245.9300
F: 703.245.9301
File No.: 11621.00006
Attorneys for Plaintiff Metropark USA, Inc.

11